<u>NOT FOR PUBLICATION</u>                                                                         CLOSED

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| NATIONAL CASUALTY COMPANY, | Hon. Faith S. Hochberg, U.S.D.J. |
| Plaintiff, | Civil Case No. 12-5048 (FSH) |
| v. | **OPINION & ORDER** |
| HERTZ EQUIPMENT RENTAL CORP., | Date: May 21, 2013 |
| Defendant. |  |

**HOCHBERG, District Judge**:

This matter comes before the court upon a Motion to Dismiss or, in the alternative, Stay the action pursuant to Fed. R. Civ. P. 12(b)(1) filed by Defendant Hertz Equipment Rental Corporation ("Hertz"). The Court has reviewed the submissions of the parties and considered the motion on the papers in accordance with Fed. R. Civ. P. 78.

### I.     BACKGROUND

On August 10, 2012, Plaintiff National Casualty Company filed a declaratory judgment action in this Court pursuant to 28 U.S.C. § 2201 seeking a declaration that it has no duty to defend or indemnify its insured Hertz in connection with a putative class action currently pending in Kansas state court. The Kansas action was commenced by Fun Services of Kansas City ("Fun Services") against Hertz alleging violations of the Telephone Consumer Protection Act ("TCPA") and common law conversion. (Complaint ¶¶ 1-2.)

Fun Services brought a similar declaratory judgment action in Wisconsin state court against Hertz and National Casualty weeks before Plaintiff filed the instant action in this Court.[1] (Complaint ¶¶ 45-46.) Hertz has moved to dismiss the instant action in light of the allegedly duplicative but first-filed Wisconsin action.

## II.    DISCUSSION

District courts have discretion, based on general principles of practicality and wise judicial administration, to decide whether to exercise jurisdiction in declaratory judgment cases. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995).  When deciding whether to hear a declaratory judgment action involving insurance coverage issues, district courts should consider: 1) whether the same issues are pending in a state court, in which case there is a general policy of restraint; 2) whether there is an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion; 3) avoidance of duplicative litigation; and 4) whether the declaratory judgment action raises questions of federal or only state law. *Evanston Ins. Co. v. Van Syoc Chartered*, 863 F.Supp.2d 364, 368 (D.N.J. 2012) (citing *State Auto Ins. Companies v. Summy*, 234 F.3d 131, 134-35 (3d Cir. 2000)).  The court should also evaluate whether the questions in

---

[1] On May 15, 2012, Hertz filed a declaratory judgment action against National Casualty and its other insurers in New Jersey state court, seeking a declaration of rights and obligations under insurance policies. On June 29, 2012, National Casualty removed the action to the District of New Jersey, and the action was voluntarily dismissed by Hertz on July 20, 2012. (Complaint ¶¶ 39-44.) The Court notes that Plaintiff failed to list the previous New Jersey action as a related case on its civil cover sheet for the instant action, resulting in two different judges having to spend judicial resources on the same matter. If there is any further litigation of this matter in this district, the civil cover sheet shall state that it is related to Civil Action No. 12-cv-4034.

controversy can be better settled in a parallel state court proceeding. *Summy*, 234 F.3d at 133; *Brillhart v. Excess Insurance Co. of America,* 316 U.S. 491, 495 (1942).[2]

Here it is clear that the Wisconsin suit and this suit involve resolution of the same question which does not involve federal law – whether National Casualty has a duty to defend or indemnify Hertz in the putative class action. The same parties, National Casualty and Hertz, are involved in both actions. Thus, both cases going forward would result in duplicative litigation and could result in conflicting judgments. The issues in this action can be better settled in the Wisconsin action, which was filed before the instant action. That case also includes an additional party, Fun Services, who is the plaintiff in the underlying Kansas action, and the dispute involves state as opposed to federal law.[3] While Plaintiff here argues that the Wisconsin suit will likely be dismissed because Fun Services lacks standing to bring that suit, (Opp. Br. 11), this Court is not convinced based on the parties' limited discussion of this issue in their briefs that Fun Services

---

[2] Plaintiff argues that the Court should not decline jurisdiction here because this action and the Wisconsin action both involve insurance coverage, while federal courts generally decline jurisdiction where the state court action involves both liability and insurance coverage. (Opp. Br. 12-14.) Plaintiff's argument misses the mark; this action and the Wisconsin action involve the same issues and parties, and are duplicative. "Parallel cases involve the same parties and substantially identical claims, raising nearly identical allegations and issues." *Sperry Associates Federal Credit Union v. Cumis Ins. Soc., Inc.*, No.10-29, 2010 WL 2925924, at *6 (D.N.J. July 21, 2010) (citing *IFC Interconsult. AG v. Safeguard Int'l Partners, LLC*, 438 F.3d 298, 306 (3d Cir. 2006)). Although Fun Services is a party in the Wisconsin action but not this action, the Third Circuit has "never required complete identity of parties for abstention." *Id.* That the Wisconsin action does not also concern the underlying liability dispute does not make it necessary for this Court to hear an action that is simultaneously being heard in a state court. Such a requirement would conflicts with the purpose of the rule as it would not promote judicial economy. *Summy*, 234 F.3d at 135.

[3] Plaintiff argues that because the insurance policies were issued in New Jersey and relevant witnesses are located in New Jersey, this Court is a more adequate forum. (Opp. Br. 9.) However, Plaintiff has not identified what witness testimony might be required to resolve this dispute. Furthermore, while Plaintiff claims that New Jersey law will "likely" apply to this dispute, it has provided no analysis of this contention. Even if New Jersey state law did apply, the Wisconsin state court would be able to apply that law as this Court would. The Court is not persuaded that there would be some unsettled issue of law in this action that would require and receive certification to the Supreme Court of New Jersey to be resolved.

indeed lacks standing in Wisconsin and that the Court should exercise jurisdiction over the action for this reason. This issue is for the Wisconsin court to decide.[4]

In order to conserve judicial resources and given the potential for inconsistent judgments and the general policy of restraint in cases such as this, this Court declines to exercise jurisdiction over this action.

### III. CONCLUSION & ORDER

For the reasons stated above;

**IT IS** on this 21st day of May 2012,

**ORDERED** that the Motion to Dismiss brought by Defendant Hertz Equipment Rental Corporation is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED**.

s/ Faith S. Hochberg<br>Hon. Faith S. Hochberg, U.S.D.J.

---

[4] Plaintiff has filed a motion to dismiss in the Wisconsin action in which it raises Fun Service's standing issue and, according to Plaintiff, "also addresses Hertz's collusive forum shopping." (Opp. Br. 11.) Plaintiff's main analysis of Defendant's alleged forum shopping and bad faith appears in response to Defendant's argument that the first-to-file rule provides an alternative basis for dismissal. (Opp. Br. 19-22.) The first-to-file rule applies where actions are truly duplicative such that a determination in one action leaves little or nothing to be determined in the other. *Catlin Specialty Ins. Co. v. Plato Const. Corp.*, No. 10-5722, 2012 WL 924850, at *4 (D.N.J. March 19, 2012) (dismissing a declaratory judgment action where a decision in the district court would determine the outcome in the previously filed state court litigation, and vice versa, which is precisely the result the first-filed rule is intended to avoid). Plaintiff argues that the first-filed rule should not apply here because Hertz and Fun Services have engaged in bad faith and collusive forum shopping, as demonstrated by Hertz's dismissal of its New Jersey action and Fun Service's filing of its Wisconsin action allegedly because of favorable law in that forum. While the actions are duplicative, the Court need not address the first-filed rule and alleged forum shopping because it declines to exercise jurisdiction over the action.