<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NATIONAL CASUALTY COMPANY, | : Hon. Faith S. Hochberg, U.S.D.J. |
| Plaintiff, | : Civil Case No. 12-5048 (FSH) |
| v. | : **OPINION & ORDER** |
| HERTZ EQUIPMENT RENTAL CORP., | : Date: July 8, 2013 |
| Defendant. | : |

**HOCHBERG, District Judge**:

This matter comes before the Court upon Plaintiff's motion to alter or amend a judgment under Rule 59(e) or for relief from judgment or order under Rule 60(b), seeking reconsideration of the Court's May 21, 2013 Order granting Defendant's motion to dismiss; and

it appearing that Rule 60(b) of the Federal Rules of Civil Procedure provides that a court "may relieve a party . . . from a final judgment, order, or proceeding for [among other] reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief;" and

it appearing that a motion brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure must rely on one of three grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010); *Max's Seafood Cafe, By Lou-Ann, Inc. v. Max Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *Database Am., Inc. v. Bellsouth Advertising & Publ'g. Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993) (citing *Weyerhaeuser Corp.*

*v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991)); *see also Carmichael v. Everson*, 2004 U.S. Dist. Lexis 11742, *2-3 (D.N.J. May 21, 2004); *Milletta v. United States*, 2005 WL 1318867, *8 (D.N.J. May 27, 2005); and

it appearing that the purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence," *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985); *see also P. Shoenfeld Asset Mgmt. LLC v. Cendent Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001), *Yurecko v. Port Authority Trans-Hudson Corp.*, 2003 WL 22001196 at * 2 (D.N.J. Aug. 18, 2003); and

it appearing that a motion for reconsideration is also governed by Local Civil Rule 7.1(i), which requires that the moving party set forth "concisely the matters or controlling decisions which the party believes the Judge . . . has overlooked;" and

it appearing that "[a] party seeking reconsideration must show more than a disagreement with the Court's decision," *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990); and

it appearing that "a mere 'recapitulation of the cases and arguments considered by the court before rendering its original decision'" does not warrant reargument, *Elizabethtown Water Co. v. Hartford Cas. Ins. Co.*, 18 F. Supp. 2d 464, 466 (D.N.J. 1998) (quoting *Carteret Savings Bank F.A. v. Shushan*, 721 F. Supp. 705, 706 (D.N.J. 1989)); and

it appearing that a motion for reconsideration is improper when it is used to "'ask the Court to rethink what [it] had already thought through -- rightly or wrongly,'" *Ciba-Geigy Corp. v. Alza Corp.*, 1993 WL 90412, *1 (D.N.J. March 25, 1993) (quoting *Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990), *rev'd on other grounds*, 989 F.2d 635 (3d Cir. 1993); and

it appearing that because reconsideration of a judgment after its entry is an extraordinary remedy, motions to reconsider or reargue are granted "very sparingly," *Maldonado v. Lucca*, 636 F. Supp. 621, 630 (D.N.J. 1986); and

it appearing that disagreement with the Court's initial decision as the basis for bringing a motion "should be dealt with in the normal appellate process, not on a motion for reargument," *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 163 (D.N.J. 1988); and

it appearing that (1) there has been no intervening change in controlling law; (2) Plaintiff has not presented new evidence that was not available for the Court to consider; and (3) there has been no clear error of law or fact or manifest injustice;[1]

---

[1] Much of the parties' briefs on Plaintiff's motion for reconsideration rehash the parties' arguments in their motion to dismiss briefs. In its motion for reconsideration, Plaintiff claims that the Court overlooked several factors in ruling on the motion to dismiss: the stay of the Wisconsin lawsuit, the "very real" possibility that the Wisconsin lawsuit will be dismissed when reinstated, that this case involved the interpretation of a federal law attendant to ruling on the state law declaratory judgment claim, and declining jurisdiction at this stage of the case would create duplicative litigation and manifest injustice. First, that a parallel state case is stayed does not in and of itself require a federal court to exercise jurisdiction in a declaratory judgment action. Further, while the parties did notify the Court of the Wisconsin court's stay of its case, they did not note the reasons for the stay nor did Plaintiff seek to supplement the record with the Wisconsin court's reasons for its stay while the motion to dismiss was pending in this matter. Still, the alleged possibility of dismissal of the Wisconsin lawsuit and the reasons Plaintiff cites for the Wisconsin court's stay, (the probability that New Jersey law would be applied, the lack of evidence or witnesses in Wisconsin, and the possibly of obtaining certification to the New Jersey Supreme Court for unsettled questions of law), were all raised by Plaintiff during the motion to dismiss briefing and addressed by this Court. [May 21, 2013 Opinion at 3-4, n.3.] A motion for reconsideration is improper when it is used to "'ask the Court to rethink what [it] had already thought through -- rightly or wrongly,'" *Ciba-Geigy Corp.*, 1993 WL 90412, *1.

Second, in its briefing for the motion to dismiss, Plaintiff never raised the argument, as it does now, that this case involved federal law. Instead, it argued the opposite—that New Jersey law would govern the coverage disputes. [Docket No. 12 at 10.] Plaintiff does not cite to an intervening change in controlling law that necessitates the Court to consider this new argument. Third, staying this case after the parties have engaged in some discovery does not create duplicative litigation. The Court is not convinced that the discovery that the parties conducted in this action cannot be used in the Wisconsin action. Indeed, such discovery may lead to a more swift resolution of the Wisconsin action.

Plaintiff also claims that in its motion to dismiss decision, this Court should not have considered as a factor for dismissal National Casualty's omission on its civil cover sheet of a

**IT IS** therefore on this 8th day of July 2013,

**ORDERED** that Plaintiff's motion for reconsideration pursuant to Rules 59(e) and 60(b)

is **DENIED**.

/s/ Faith S. Hochberg_____
Hon. Faith S. Hochberg, U.S.D.J.

---

previously filed and related case. However, this was not a factor that the Court used to decide upon the motion to dismiss, but was merely noted by the Court in its opinion.